Christian Contreras, SBN 330269
Email: CC@Contreras-Law.com
Edwin S. Salguero, SBN 344820
Email: ES@Contreras-Law.com
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000
Fax: (323) 597-0101

Denisse O. Gastélum, SBN 282771
**GASTÉLUM LAW,**
**A PROFESSIONAL CORPORATION**
3767 Worsham Ave.
Long Beach, California 90808
Tel: (213) 340-6112
Fax: (213) 402-8622
Email: dgastelum@gastelumfirm.com

Attorneys for Plaintiffs,
ESTATE OF RICHARD OSAKI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF RICHARD OSAKI, by and through his successors in interests; E.I.O., individually and as a successor in interest, represented by and through their guardian ad litem, CLAUDIA VILLLEGES; N.A.O.1., individually and as a successor in interest, represented by and through their guardian ad litem, CLAUDIA VILLLEGES; N.A.O.2., individually and as a successor in interest, represented by and through their guardian ad litem, CLAUDIA VILLLEGES; STANLEY OSAKI, individual, <br><br>          Plaintiffs, <br><br>    v. <br><br>SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; a public entity; SAN BERNARDINO COUNTY, a public entity; SHERIFF SHANNON D. DICUS, individually; and DOES 1 through 10, individually, <br><br>          Defendants. | **CASE NO.: 5:24-cv-00838** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Failure to Protect from Harm, Fourteenth Amendment Violation (42 U.S.C. § 1983); <br> 2. Failure to Provide Medical Care, Fourteenth Amendment Violation (42 U.S.C. § 1983); <br> 3. Deprivation of the Right to Familial Relationship with Decedent (42 U.S.C. § 1983); <br> 4. Municipal Liability – Unconstitutional Policies, Customs, Practices <br> 5. Supervisory Liability (42 U.S.C. § 1983); <br> 6. Negligence – Wrongful Death; <br> 7. Negligence – Medical Malpractice; <br> 8. Violation of California Government Code §845.6; <br> 9. Violation of California Civil Code §52.1 (Tom Bane Act); <br><br> **DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

2.     This Court has the authority to grant the requested declaratory relief pursuant to 28 U.S.C. §§ 2201, as well as Federal Rules of Civil Procedure 57, including pursuant to the Court's inherent equitable powers.

3.     Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiffs' claims occurred within this district.

4.     Plaintiffs have complied with the California Tort Claims Act requirements with respect to their claims arising under state law.

5.     With respect to these supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims as they arise from the same facts and circumstances which underlie the federal claims.

## PARTIES

6.     Plaintiffs E.I.O, N.A.O.1., and N.A.O.2., were the natural children of RICHARD OSAKI (hereafter "OSAKI"), and at all times relevant hereto were residents of San Bernardino County, California. Plaintiffs E.I.O, N.A.O.1., and N.A.O.2. bring these claims pursuant to California Code of Civil Procedure §§ 377.20 *et seq.* and 377.60 *et seq*., which provide for survival and wrongful death actions. Plaintiffs E.I.O N.A.O.1., and N.A.O.2. also bring these claims individually and on behalf of decedent RICHARD OSAKI on the basis of 42 U.S.C. § 1983 and § 1988, the United States Constitution, federal and state civil rights law and California law. Plaintiffs E.I.O, N.A.O.1., and N.A.O.2. also bring these claims as a Private Attorney General, to vindicate not only their rights, but others' civil rights of great importance. ///

7.     Plaintiff STANLEY OSAKI, and at all times relevant hereto was a resident of San Bernardino County, California. Plaintiff STANLEY OSAKI is RICHARD OSAKI's father and brings these claims in his individual capacities and seeks wrongful death damages.

8.     Defendant SAN BERNARDINO COUNTY (hereinafter also "COUNTY") owns, operates, manages, directs and controls Defendant SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT (hereinafter also "SBSD"), also a separate public entity, which employs other Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including SBSD employees complied with the laws and the Constitutions of the United States and of the State of California.  Defendant COUNTY, through SBSD, is and was responsible for ensuring the protection and safety of all persons incarcerated at the SBSD correctional facilities and detention centers, including the SAN BERNARDINO COUNTY's West Valley Detention Center (WVDC).

9.     Defendant SHERIFF SHANNON D. DICUS (hereinafter also "DICUS"), at all times mentioned herein, was the Sheriff of Defendant SAN BERNARDINO COUNTY, the highest position in the COUNTY Jails. As Sheriff, Defendant DICUS is and was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all COUNTY Jails' employees and/or agents. Defendant DICUS is and was charged by law with oversight and administration of the COUNTY Jails, including ensuring the safety of the inmates housed therein. Defendant DICUS also is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the COUNTY Jails alleged herein were committed. Defendant DICUS is being sued in his individual and official capacities.

///

///

**COMPLAINT FOR DAMAGES**

10.     At all relevant times, DOES 1-10, inclusive, were individuals employed as employees/deputies with the defendant SBSD, acting within the course and scope of that employment, under color of law.

11.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 10 ("DOE Defendants") and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of each DOE Defendant when they have been ascertained.

12.     The identities, capacities, and/or nature of involvement of the defendants sued as DOES 1 through 10 are presently unknown to the Plaintiffs who therefore sue these defendants by fictitious names. Plaintiffs are informed, believe, and thereupon allege that DOES 1 through 10 include individual law enforcement personnel and medical personnel employed by the SBSD and the COUNTY Correctional Health Services, and that they were involved in some manner and are legally responsible for the wrongful acts and conduct alleged herein. Plaintiffs will amend this complaint to substitute the DOE Defendants' true names and capacities when they have been ascertained. Plaintiffs are informed, believe, and thereupon allege that each DOE defendant is a resident of California. Upon information and belief, DOES 1 through 10 were and still are residents of SAN BERNARDINO COUNTY, California. DOES 1 through 10 are sued in both their individual and official capacities.

13.     At all relevant times, DOES 7 and 8 were managerial, supervisorial, training, and/or policymaking employees of Defendant COUNTY correctional health services. At the time of the incident, DOES 7 and 8 were acting under color of law within the course and scope of their duties as employees for the COUNTY correctional health services. They had supervisorial authority over DOES 1-10, and the COUNTY correctional health services employees at the COUNTY Jails. DOES 7 and 8 were acting with the complete authority and ratification of their principal, Defendant

COUNTY.

14.     At all relevant times, DOES 9 and 10 were managerial, supervisorial, training, and/or policymaking employees of Defendant COUNTY. At the time of the incident, DOES 9 and 10 were acting under color of law within the course and scope of their duties as employees for the SBSD and/or the COUNTY. They had supervisorial authority over DOES 1-10, and the employees of the SBSD. DOES 9 and 10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

15.     Each of the defendants, including the DOE defendants, caused, and is responsible for, the unlawful conduct and resulting injuries suffered by Plaintiffs by, among other things, personally participating in the unlawful conduct, acting jointly, or conspiring with others who did so; by ordering, authorizing, acquiescing in, or setting in motion policies, plans, or actions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct; by failing and refusing to initiate and maintain adequate training and supervision; by failing to enact policies to address the constitutional rights of protesters despite the obvious need for such a policy; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

16.     Plaintiffs are informed and believe and thereon allege that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe and thereon allege that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein, resulting in the deprivation of Plaintiffs' and decedent RICHARD OSAKI's constitutional rights and other harm.

17.     Plaintiffs are informed, believe, and thereupon allege that, at all times relevant hereto, Defendants, and each of them, acted as the agents, servants, and employees of each of the other defendants.

18.     In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

19.     In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under the color of law.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

20.     Decedent RICHARD OSAKI had been in custody at the San Bernardino County jail, West Valley Detention Center since June 6, 2022.

21.     Upon RICHARD OSAKI's initial placement at WVDC, he was enrolled in a drug detox protocol program, which alerted SBSD to his prior drug use and the necessity for heightened care and monitoring.

22.     Upon information and belief, despite being on notice of RICHARD OSAKI's need for heightened care and monitoring, SBSD deputies DOES 1 – 10 housed RICHARD OSAKI in a cell, module, or facility known for housing other inmates with a propensity for drug use and drug proliferation with the COUNTY's WVDC.

23.     On April 10, 2023, RICHARD OSAKI was discovered unresponsive in the day room shower at WVDC, lying on the floor with vomit on his mouth. Upon information and belief, RICHARD OSAKI displayed signs of medical distress that were obvious to SBSD deputies DOES 1 - 10 responsible for ensuring RICHARD OSAKI's care and safety. Upon information and belief, the signs of medical distress that RICHARD OSAKI displayed were nausea, vomiting, shortness of breath, low blood pressure, choking on his vomit, and collapsing while gasping for air. However, SBSD deputies DOES 1 - 10 at WVDC were indifferent to RICHARD OSAKI's immediate medical needs and failed to summon immediate medical care for RICHARD OSAKI.

**COMPLAINT FOR DAMAGES**

24.     Upon information and belief, SBSD deputies DOES 1 - 10 responsible for RICHARD OSAKI delayed their response in calling for paramedics, wasting precious time that could have been used to save RICHARD OSAKI's life.

25.     Paramedics were eventually summoned and RICHARD OSAKI was transported to Kaiser Foundation Hospital Fontana (KFHF) where he arrived without a pulse. KFHF medical staff performed advanced cardiac life-saving measures, including CPR, intubation, and administration of Narcan.

26.     Upon information and belief, KFHF medical staff's efforts to save RICHARD OSAKI's life were too late because of SBSD deputies DOES 1 – 10's indifference to the medical emergency RICHARD OSAKI suffered on April 10, 2023, and because of their unreasonable delay in responding to RICHARD OSAKI's medical emergency.

27.     RICHARD OSAKI was pronounced dead by KFHF Dr. Ibrahim Mansour at 8:08 a.m. on April 10, 2023.

28.     Decedent RICHARD OSAKI was a healthy forty-four (43) year-old man with no prior history of disease or other medical complications. Accordingly, the circumstances of RICHARD OSAKI's death are not consistent with natural causes. With particular concern for the SBSD's reticence about the details of Decedent RICHARD OSAKI's death, the present claimants are informed, believe, and thereon allege that Decedent RICHARD OSAKI's death was a product of reckless exposure to preventable dangers and/or cruel or unusual conditions of confinement in the SAN BERNARDINO COUNTY WVDC, deliberate indifference to manifest medical needs, exposure to violence, exposure to hazard, or some combination thereof.

29.     Upon information and belief, knowing that RICHARD OSAKI was experiencing a serious health condition, Defendants DOES 1-10, inclusive, and each of them, deliberately failed to immediately address RICHARD OSAKI's medical needs.

///

30.     Upon information and belief, COUNTY's medical and custody staff had an opportunity to observe the clear signs of RICHARD OSAKI's dire medical needs. However, despite these express signs, the COUNTY medical and custody staff were indifferent to RICHARD OSAKI 's health and safety.

31.     Upon information and belief, due to the COUNTY Jails patterns and practices of not conducting proper and timely Title 15 welfare and safety checks, RICHARD OSAKI's dire need for emergency medical intervention went unnoticed by the SAN BERNARDINO COUNTY WVDC custody, medical and mental health staff, who were responsible for monitoring and ensuring the welfare of all inmates, including Decedent RICHARD OSAKI.

## **FIRST CLAIM FOR RELIEF**

**Failure to Protect from Harm,**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(Survival Action – 42 U.S.C. § 1983)**

**By Plaintiffs Estate of RICHARD OSAKI As Against DOES 1 through 10**

32.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

33.     Pretrial detainees such as RICHARD OSAKI have a Fourteenth Amendment due process right to be free from harm. *See Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc); *see also Gordon v. County of Orange,* 888 F.3d 1118, 1124–25 (9th Cir. 2018).

34.     Defendants DOES 1 through 10 were on notice that their conduct as well as their deficient policies, procedures, and practices alleged herein created a substantial risk of serious harm to an inmate in decedent RICHARD OSAKI's position.

35.     Upon information and belief, Defendants DOES 1 through 10 intentionally chose to place RICHARD OSAKI among other inmates known to Defendants for their drug use and facilitation of drug activities within WVDC. This decision was made despite Defendants' awareness of the risks posed to RICHARD

1   OSAKI by these hazardous conditions. Each Defendant could have taken action to
2   prevent unnecessary harm to decedent RICHARD OSAKI but refused or failed to do
3   so.

4       36.    By policy, procedure, and practice Defendants DOES 1 through 10
5   deliberately disregarded the hazards and risks posed to persons incarcerated/detained
6   at the SAN BERNARDINO COUNTY's WVDC, as alleged above. Defendants failed
7   to take any reasonable steps to mitigate the obvious and well-known risks of harm that
8   were attendant to housing decedent RICHARD OSAKI at the SAN BERNARDINO
9   COUNTY's WVDC, which included exposure to fentanyl.

10       37.    Defendants DOES 1 through 10's failure to conduct the required safety
11   check of decedent RICHARD OSAKI's housing unit on the date leading to his death
12   evidences deliberate indifference to the risk of harm to decedent RICHARD OSAKI.

13       38.    Upon information and belief, Defendants SHERIFF DON DICUS and
14   DOES 8 through 10 ratified Defendants DOES's failure to conduct safety checks and
15   falsification of logs.

16       39.    As a direct and proximate result of Defendants' conduct, the civil rights
17   of RICHARD OSAKI, as protected by the Fourteenth Amendment of the United States
18   Constitution were violated. Further, decedent RICHARD OSAKI experienced physical
19   pain, severe emotional distress, and mental anguish, as well as loss of his life and other
20   damages alleged herein.

21       40.    Defendants subjected decedent RICHARD OSAKI to their wrongful
22   conduct, depriving RICHARD OSAKI of rights described herein, knowingly,
23   maliciously, and with conscious and reckless disregard for whether the rights and safety
24   of RICHARD OSAKI and others would be violated by their acts and/or omissions.

25       41.    As a direct and proximate result of Defendants' acts and/or omissions as
26   set forth above, RICHARD OSAKI, through Plaintiffs herein, sustained injuries and
27   damages.

28   ///

42.     The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants COUNTY.

43.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## SECOND CLAIM FOR RELIEF

### Failure to Provide Medical Care,

### Violation of the Fourteenth Amendment to the United States Constitution

### (Survival Action – 42 U.S.C. § 1983)

### By Plaintiff Estate of RICHARD OSAKI As Against DOES 1 through 10

44.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

45.     Pretrial detainees such as RICHARD OSAKI have a Fourteenth Amendment due process right to needed medical care. *See Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc); *see also Gordon v. County of Orange,* 888 F.3d 1118, 1124–25 (9th Cir. 2018).

46.     By the actions and omissions described above, Defendants DOES 1 through 10, as alleged herein, violated 42 U.S.C. § 1983, depriving decedent RICHARD OSAKI, through Plaintiffs herein, of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution: Decedent's right to be free from deliberate indifference to RICHARD OSAKI's serious medical and mental health needs while in custody.

47.     Despite RICHARD OSAKI's need for medical care, Defendants DOES 1 through 10, failed to provide RICHARD OSAKI with any medical care. Worse yet, even after it was reasonably obvious that RICHARD OSAKI was experiencing a medical emergency due to not being able to breathe and choking on his vomit, Defendants DOES 1 through 10, were further deliberately indifferent to RICHARD

**COMPLAINT FOR DAMAGES**

OSAKI's medical needs, and ignored RICHARD OSAKI's immediate need for medical care. On April 10, 2023, RICHARD OSAKI was found unresponsive lying in the shower of the day room with vomit on his mouth.

48.     By the actions and omissions described above, Defendants DOES 1 through 10, as alleged herein, including but not limited to their failure to provide decedent RICHARD OSAKI with appropriate emergency medical and mental health care, along with the acts and/or omissions of Defendants in failing to train, supervise, and/or promulgate appropriate policies and procedures to provide emergency medical and mental health care and life-saving care to persons in their custody, constituted deliberate indifference to RICHARD OSAKI's serious medical and mental health needs, health, and safety.

49.     As a direct and proximate result of Defendants' conduct, the civil rights of RICHARD OSAKI, as protected by the Fourteenth Amendment of the United States Constitution were violated. Further, decedent RICHARD OSAKI experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

50.     Defendants subjected RICHARD OSAKI to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless regard for whether the rights and safety of RICHARD OSAKI and others would be violated by their acts and/or omissions.

51.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Decedent, through Plaintiffs herein, sustained injuries and damages.

52.     The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants COUNTY.

53.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

///

## THIRD CLAIM FOR RELIEF

**Deprivation of the Right to Familial Relationship with Decedent,**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983)**

**By Plaintiffs E.I.O, N.A.O.1, N.A.O.2., and STANLEY OSAKI, individually, As Against DOES 1 through 10**

54.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

55.     The aforementioned acts and/or omissions of Defendants DOES 1 through 10 in being deliberately indifferent to decedent RICHARD OSAKI's protection, safety, and serious medical and mental health needs, violating decedent RICHARD OSAKI's constitutional rights, and their failure to train, supervise, and/or take other appropriate measures to prevent the acts and/or omissions that caused the untimely and wrongful death of RICHARD OSAKI deprived Plaintiffs E.I.O, N.A.O.1, N.A.O.2., and STANLEY OSAKI, of their liberty interests in the familial relationship in violation of their substantive due process rights as defined by the Fourteenth Amendments of the Constitution.

56.     All of the acts of Defendant DOES 1 through 10 and the persons involved were done under color of state law.

57.     The acts and omissions of each Defendants deprived Plaintiffs E.I.O, N.A.O.1, N.A.O.2., and STANLEY OSAKI, of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to the Fourteenth Amendment by, among other things, depriving Plaintiffs of their rights to a familial relationship with decedent RICHARD OSAKI without due process of law by their deliberate indifference in denying RICHARD OSAKI protection and safety while incarcerated at the  SAN BERNARDINO COUNTY's WVDC and access to medical care while suffering a medical emergency at the SAN BERNARDINO COUNTY's WVDC.

**COMPLAINT FOR DAMAGES**

58.     Defendants DOES 1 through 10 and the other involved agents and employees acted pursuant to expressly adopted official policies or longstanding practices or customs of the COUNTY and SBSD. These include policies and longstanding practices or customs of failing to provide persons in pretrial custody who are experiencing medical emergencies access to medical care as stated above and incorporated herein.

59.     In addition, the training policies of the COUNTY and SBSD were not adequate to train its deputies, agents and employees to handle the usual and recurring situations with which they must deal with, including but not limited to encounters with individuals in custody who are experiencing medical emergencies. These Defendants and each of them knew that its failure to adequately train its COUNTY custody, medical and mental health staff, including other agents and employees, to interact with individuals suffering from medical emergencies made it highly predictable that its custody, medical and mental health staff would engage in conduct that would deprive persons such as decedent RICHARD OSAKI, and thus Plaintiffs of their rights. These Defendants were thus deliberately indifferent to the obvious consequences of their failure to train their deputies, agents and employees adequately.

60.     Defendants COUNTY and SBSD's official policies and/or longstanding practices or customs, including but not limited to its training policies, caused the deprivation of the constitutional rights of Plaintiffs E.I.O, N.A.O.1, N.A.O.2., and STANLEY OSAKI, and decedent RICHARD OSAKI by each individual Defendant's official policies and/or longstanding practices or customs are so closely related to RICHARD OSAKI's injuries and death and thus the deprivation of the rights of Plaintiffs as to be the moving force causing those injuries.

61.     Defendant SHERIFF DON DICUS, a final policymaker for the COUNTY and SBSD, ratified the actions and omissions of Defendants DOES 1 through 10, all of whom were custody, medical and mental health staff at the COUNTY Jails, including the SAN BERNARDINO COUNTY WVDC, in that he had knowledge of and made a

**COMPLAINT FOR DAMAGES**

1   deliberate choice to approve their unlawful acts and omissions.

2      62.    As a direct and proximate result of Defendants' conduct, the civil rights

3   of RICHARD OSAKI, as protected by the Fourteenth Amendment of the United States

4   Constitution were violated. Further, decedent RICHARD OSAKI experienced physical

5   pain, severe emotional distress, and mental anguish, as well as loss of his life and other

6   damages alleged herein.

7      63.    Defendants subjected Decedent to their wrongful conduct, depriving

8   Decedent of rights described herein, knowingly, maliciously, and with conscious and

9   reckless disregard for whether the rights and safety of Decedent and others would be

10  violated by their acts and/or omissions.

11     64.    As a direct and proximate result of Defendants' acts and/or omissions as

12  set forth above, Plaintiffs sustained injuries and damages.

13     65.    The conduct of Defendants entitles Plaintiffs to punitive damages and

14  penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not

15  seek punitive damages against Defendants COUNTY.

16     66.    Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42

17  U.S.C. § 1988, and other applicable United States and California codes and laws.

18                    **FOURTH CLAIM FOR RELIEF**

19      **Municipal Liability – Unconstitutional Policies, Customs, Practices**

20                    (*Monell* **- 42 U.S.C. § 1983**)

21  **By Plaintiffs ESTATE OF RICHARD OSAKI As Against Defendants COUNTY**

22     **OF SAN BERNARNINO and SAN BERNARNINO COUNTY SHERIFF'S**

23                          **DEPARTMENT**

24     67.    Plaintiffs reallege and incorporate herein by reference each of the

25  preceding paragraphs of this complaint, and any subsequent paragraphs.

26     68.    At all times relevant hereto, the SBSD and COUNTY custody, medical

27  and mental health staff were required to adhere to and enforce the following policies

28  and procedures:

a.   To deny pretrial detainees and other inmates access to timely, appropriate, competent, and necessary care for serious medical needs, requiring such inmates in crisis to remain untreated in jail instead of providing for their emergency medical needs;

b.   To allow and encourage deputies doing regular cell checks on inmates, including in safety cells, to fail to document their actual observations of the inmate's condition and status, in violation of San Bernadino County's written policies and state law;

c.   To allow and encourage inadequate and incompetent medical care for jail inmates and arrestees;

d.   To hire, retain and contract for obviously inadequate medical care for jail inmates and arrestees, including creating financial incentives for custodial and medical personnel not to send inmates with emergency medical needs to a hospital;

e.   To allow, encourage, and require medical staff, including licensed vocational nurses and registered nurses, to work outside their legal scope of practice and without appropriate supervision;

f.   To fail to train custody staff that medical staff, including licensed vocational nurses, are not competent to assess or decide inmates' medical conditions, medical needs, or whether the inmate should be permitted to remain in the jail versus being sent to a hospital;

g.   To allow, encourage, and require unlicensed, incompetent, inadequately trained and/or inadequately supervised staff to assess inmates' medical condition, needs, and treatment, including to decide whether or not to provide inmates with necessary emergency care and hospitalization;

h.   To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

**COMPLAINT FOR DAMAGES**

i.    To cover up violations of constitutional rights by any or all of the following:

    i.    By failing to properly investigate and/or evaluate incidents of violations of rights, including by unconstitutional medical care at the jail;

    ii.    By ignoring and/or failing to properly and adequately investigate and/or investigate and discipline unconstitutional or unlawful conduct by custodial and medical personnel;

    iii.    By turning a blind eye to custodial and medical personnel who direct, aid, and/or assist with the distribution of hazards, including illicit drugs, into San Bernardino County jails; and

    iv.    By allowing, tolerating, and/or encouraging custodial and medical personnel to: fail to file complete and accurate reports; file false reports; make false statements; and/or obstruct or interfere with investigations of unconstitutional or unlawful conduct by withholding and/or concealing material information;

j.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers, SBSD personnel, custodial personnel and medical personnel at the jail whereby an officer or member of the SBSD or medical staff does not provide adverse information against a fellow officer, or member of the SBSD or the medical staff;

k.    To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (j) above, with deliberate indifference to the rights and safety of pretrial detainees, such as Decedent, and in the face of an obvious need for such policies, procedures, and training programs.

///

**COMPLAINT FOR DAMAGES**

69.   The unconstitutional actions and/or omissions of Defendants DOES 1 through 10, as well as other officers employed by or acting on behalf of the COUNTY and SBSD, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the COUNTY and the SBSD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for the COUNTY and SBSD, including SHERIFF DON DICUS:

a.     To fail to properly and adequately hire, train, supervise, and monitor custodial and medical personnel at the jails;

b.     To fail to use appropriate and generally accepted law enforcement procedures for handling persons in medical crisis;

c.     To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

d.     To cover up violations of constitutional rights by any or all of the following:

  i.     By failing to properly investigate and/or evaluate complaints or incidents of handling of persons in medical crisis;

  ii.     By ignoring and/or failing to properly and adequately investigate and/or discipline unconstitutional or unlawful law enforcement activity; and

  iii.     By allowing, tolerating, and/or encouraging law enforcement officers to: fail to file complete and accurate reports; file false reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information;

///

e.   To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers whereby an officer does not provide adverse information against a fellow law enforcement officer;

f.   To allow, tolerate, and/or encourage a "code of silence" among custodial and medical personnel at the COUNTY jails whereby custodial and medical personnel does not provide adverse information against a fellow staffer;

g.   To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (g) above, with deliberate indifference to the rights and safety of pretrial detainees, such as Decedent, and in the face of an obvious need for such policies, procedures, and training programs.

70.   Defendants COUNTY and SBSD, through their employees and agents, and through their policy-making supervisors, SHERIFF DON DICUS and DOES 8 through 10, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants DOES 1 through 10, and other COUNTY and SBSD personnel, with deliberate indifference to the constitutional rights of decedent RICHARD OSAKI, Plaintiffs and others in similar positions, as described above, and therefore, those rights thereby violated.

71.   The unconstitutional actions and/or omissions of Defendants DOES 1 through 10, and other SBSD custody and medical staff, as described above, were approved, tolerated, and/or ratified by policymaking officers for the COUNTY and SBSD, including Defendants SHERIFF DON DICUS and DOES 8 through 10. Plaintiffs are informed and believe and thereon allege that the details of this incident have been revealed to the authorized policymakers within the COUNTY and SBSD, and that such policymakers have direct knowledge of the fact that the death of RICHARD OSAKI was the result of deliberate indifference to his rights to be protected

and safe while in the custody of the COUNTY/SBSD, and his rights to have access to medical care when suffering a medical emergency. Notwithstanding this knowledge, the authorized policymakers within the COUNTY and SBSD have approved of the conduct and decisions of Defendants DOES 1 through 10 in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of RICHARD OSAKI By so doing, the authorized policymakers within the COUNTY and SBSD have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants. Furthermore, Plaintiffs are informed and believe, and thereupon allege, that Defendants SHERIFF DON DICUS and DOES 8 through 10, and other policy-making officers for the COUNTY and SBSD were and are aware of a pattern of misconduct and injury caused by COUNTY Jails custody and medical staff similar to the conduct of Defendants described herein, but failed to discipline culpable custody and medical staff and failed to institute new procedures and policy within the COUNTY and SBSD.

72.    The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants COUNTY and SBSD were a moving force and/or a proximate cause of the deprivations of decedent RICHARD OSAKI's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983. Defendants subjected decedent RICHARD OSAKI to their wrongful conduct, depriving decedent RICHARD OSAKI of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of decedent RICHARD OSAKI, Plaintiff and others would be violated by their acts and/or omissions.

73.    As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants COUNTY and SBSD, as

described above, decedent RICHARD OSAKI suffered serious injuries and death, Plaintiff is entitled to damages, penalties, costs, and attorneys' fees against Defendants COUNTY and SBSD.

74.     As a direct and proximate result of Defendants' conduct, the civil rights of RICHARD OSAKI, as protected by the Fourteenth Amendment of the United States Constitution were violated. Further, decedent RICHARD OSAKI experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

75.     Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions.

76.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages.

77.     The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants COUNTY.

78.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## FIFTH CLAIM FOR RELIEF

**Supervisory Liability,**

**(42 U.S.C. § 1983)**

**By Plaintiff Estate of RICHARD OSAKI As Against Defendants SHERIFF DON DICUS, and DOES 7 through 10**

79.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

80.     At all material times, SHERIFF DON DICUS and DOES 8 through 10 had the duty and responsibility to constitutionally hire, train, instruct, monitor,

**COMPLAINT FOR DAMAGES**

1  supervise, evaluate, investigate, staff, and discipline the other Defendants employed by

2  their respective agencies in this matter, as well as all employees and agents of the

3  COUNTY and SBSD.

4      81.    Defendants SHERIFF DON DICUS, and DOES 7 through 10 failed to

5  properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline

6  the respective employees of their agencies, including Defendants DOES 1 through 10,

7  and other COUNTY and SBSD personnel, with deliberate indifference to Plaintiffs',

8  decedent RICHARD OSAKI's, and others' constitutional rights, which were thereby

9  violated as described above.

10      82.    As supervisors, Defendants SHERIFF DON DICUS, and DOES 7 through

11  10 each permitted and failed to prevent the unconstitutional acts of other Defendants

12  and individuals under their supervision and control, and failed to properly supervise

13  such individuals, with deliberate indifference to the rights to safety and protections

14  while incarcerated at SAN BERNARDINO COUNTY WVDC and the rights to the

15  serious medical and mental health needs of decedent RICHARD OSAKI Supervising

16  Defendants either directed his or her subordinates in conduct that violated Decedent's

17  rights, or set in motion a series of acts and omissions by his or her subordinates that the

18  supervisor knew or reasonably should have known would deprive decedent RICHARD

19  OSAKI of rights, or knew his or her subordinates were engaging in acts likely to

20  deprive decedent RICHARD OSAKI of rights and failed to act to prevent his or her

21  subordinate from engaging in such conduct, or disregarded the consequence of a known

22  or obvious training deficiency that he or she must have known would cause

23  subordinates to violate decedent RICHARD OSAKI's rights, and in fact did cause the

24  violation of decedent RICHARD OSAKI's rights. (*See*, Ninth Circuit Model Civil Jury

25  Instruction 9.4). Furthermore, each of these supervising Defendants is liable in their

26  failures to intervene in their subordinates' apparent violations of decedent RICHARD

27  OSAKI' rights.

28  ///

---

21

**COMPLAINT FOR DAMAGES**

83.     The unconstitutional customs, policies, practices, and/or procedures of Defendants COUNTY and SBSD, as stated herein, were directed, encouraged, allowed, and/or ratified by policymaking officers for Defendants COUNTY and SBSD, including Defendants SHERIFF DON DICUS, and DOES 7 through 10, respectively, with deliberate indifference to Plaintiff's, decedent RICHARD OSAKI's, and others' constitutional rights, which were thereby violated as described above.

84.     The unconstitutional actions and/or omissions of Defendants DOES 1 through 10, and other COUNTY and SBSD personnel, as described above, were approved, tolerated, and/or ratified by policymaking officers for the COUNTY and SBSD, including Defendants SHERIFF DON DICUS, and DOES 7 through 10.

85.     Plaintiff is informed and believes and thereon alleges that the details of this incident have been revealed to Defendants SHERIFF DON DICUS,  and DOES 7 through 10 and that such Defendant-policymakers have direct knowledge of the fact that the death of decedent RICHARD OSAKI was not justified or necessary, but represented deliberate indifference to his rights to be protected and safe while in the COUNTY's custody and his rights to his serious medical and mental health needs, as set forth above. Notwithstanding this knowledge, on information and belief, Defendants SHERIFF DON DICUS and DOES 7 through 10 have approved and ratified of the conduct and decisions of Defendants DOES 1 through 10 in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of RICHARD OSAKI By so doing, Defendants SHERIFF DON DICUS and DOES 7 through 10 have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants.

86.     Furthermore, Plaintiffs are informed and believe, and thereupon allege, that Defendants SHERIFF DON DICUS, and DOES 7 through 10 and other policymaking officers for the COUNTY and SBSD were and are aware of a pattern of misconduct and injury, and a code of silence, caused by COUNTY and SBSD custody,

medical and mental health staff personnel similar to the conduct of Defendants described herein, but failed to discipline culpable law enforcement officers and employees and failed to institute new procedures and policy within the COUNTY and SBSD.

87.     The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants SHERIFF DON DICUS, and DOES 7 through 10 were a moving force and/or a proximate cause of the deprivations of decedent RICHARD OSAKI's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth above.

88.     Defendants subjected decedent RICHARD OSAKI to their wrongful conduct, depriving decedent RICHARD OSAKI of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of decedent RICHARD OSAKI and others would be violated by their acts and/or omissions.

89.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants SHERIFF DON DICUS, and DOES 7 through 10 as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorneys' fees.

## SIXTH CLAIM FOR RELIEF

### Negligence – Wrongful Death

### By Plaintiffs E.I.O N.A.O.1., N.A.O.2, and, STANLEY OSAKI As Against All Defendants

90.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

91.     The present claim for relief is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820 of the Government Code, as public employees,

Defendants DOES 1-10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2 of the Government Code, as public entities, Defendants COUNTY and SBSD are liable for injuries caused by the acts or omissions of their employees committed within the course and scope of their employment. This cause of action is not alleging direct liability against Defendants COUNTY and SBSD, only vicarious liability. *See* Gov. Code, § 815.2, subds. (a), (b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

92.    At all times, Defendants DOES 1 through 10 owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

93.    At all times, these Defendants owed Plaintiffs the duty to act with reasonable care.

94.    These general duties of reasonable care and due care owed to Plaintiffs by these Defendants include but are not limited to the following specific obligations:

    a.  To summon, or transport Decedent to, necessary and appropriate emergency medical and mental health care;

    b.  To refrain from unreasonably creating danger or increasing Decedent's risk of harm;

    c.  To use generally accepted law enforcement procedures and tactics that are reasonable and appropriate for Decedent's status as a person in medical and mental health crisis with serious medical and mental health needs;

    d.  To conduct state-mandated safety and welfare checks of inmates in the custody of the COUNTY Jails, which included the SAN BERNARDINO COUNTY WVDC;

    e.  To refrain from abusing their authority granted them by law; and

    f.  To refrain from violating Plaintiffs' and Decedent's rights as guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

///

24

**COMPLAINT FOR DAMAGES**

95.     Defendants and DOES 1 through 10, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs and decedent RICHARD OSAKI.

96.     Defendants COUNTY and SBSD are vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

97.     As a direct and proximate result of these Defendants' negligence, Plaintiffs and decedent RICHARD OSAKI sustained injuries and damages, and against each and every Defendant named in this claim for relief in their individual capacities are entitled to relief, including punitive damages against such individual Defendants.

## SEVENTH CLAIM FOR RELIEF

### Negligence – Medical Malpractice

**By Plaintiff ESTATE OF RICHARD OSAKI As Against All Defendants**

98.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

99.     The present claim for relief is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820 of the Government Code, as public employees, Defendants DOES 1-10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2 of the Government Code, as public entities, Defendants COUNTY and SBSD are liable for injuries caused by the acts or omissions of their employees committed within the course and scope of their employment. This cause of action is not alleging direct liability against Defendants COUNTY and SBSD, only vicarious liability. *See* Gov. Code, § 815.2, subds. (a), (b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

100.    Decedent RICHARD OSAKI was under the care and treatment of Defendants DOES 1 through 10, all of whom were COUNTY medical staff assigned to the COUNTY Jails, including the SAN BERNARDINO's WVDC, who were required to examine, treat, monitor, prescribe for and care for him and to provide him

with medical attention when he suffered a medical emergency. These Defendants, acting within the scope and course of their employment with Defendants COUNTY and SBSD, negligently, carelessly and unskillfully cared for, attended, handled, controlled; failed to monitor and follow-up; abandoned; failed to classify, failed to appropriately diagnose and/or refer decedent RICHARD OSAKI to specialist medical care providers; negligently failed to provide physician care; negligently failed to provide psychiatry care; carelessly failed to detect, monitor, and follow-up with his condition; and negligently, carelessly and unskillfully failed to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient and dependent detainee RICHARD OSAKI

101. Defendants DOES 1 through 10, all of whom were COUNTY medical staff assigned to the COUNTY Jails failed to properly monitor RICHARD OSAKI on April 10 2023, before RICHARD OSAKI was found unresponsive in the dayroom shower.

102. It was more than evident on April 10 2023, that RICHARD OSAKI's situation was dire and he needed immediate medical care. RICHARD OSAKI needed immediate care to address the medical emergency he was experiencing as he struggled to breathe and choked on his vomit, eventually losing consciousness and collapsing to the floor. Instead of providing the appropriate medical care, Defendants DOES 1 through 10, and each of them, failed to take reasonable actions to summon medical care for RICHARD OSAKI

103. Defendant supervisors and each of them failed to supervise, train and monitor their subordinates, to maintain proper supervision, classification and staffing, to timely provide decedent RICHARD OSAKI emergency medical and mental health care, failed to provide adequate and competent staffing, and to ensure the care and treatment ordered for decedent RICHARD OSAKI was provided.

///

104.   As a direct and legal result of the aforesaid negligence and carelessness of Defendants' actions and omissions, Plaintiffs sustained injuries and damages, and against these Defendants, and each of them, are entitled to compensatory damages and as applicable to this claim for Medical Negligence, to be proven at time of trial.

105.   Defendants COUNTY and SBSD are vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

### EIGHTH CLAIM FOR RELIEF

**Violation of California Government Code § 845.6**

**By Plaintiff ESTATE OF RICHARD OSAKI As Against All Defendants**

106.   Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

107.   The present claim for relief is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820 of the Government Code, as public employees, Defendants DOES 1-10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2 of the Government Code, as public entities, Defendants COUNTY and SBSD are liable for injuries caused by the acts or omissions of their employees committed within the course and scope of their employment. This cause of action is not alleging direct liability against Defendants COUNTY and SBSD, only vicarious liability. *See* Gov. Code, § 815.2, subds. (a), (b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

108.   115. Defendants DOES 1 through 10 knew, RICHARD OSAKI, required immediate medical care and treatment. However, the Defendants Does 1 through 10, who were employed by Defendants COUNTY and SBSD, failed to take reasonable action to summon immediate medical care and treatment after being on notice that RICHARD OSAKI was unresponsive, lying on the dayroom shower floor. Each individual defendant had knowledge of or reason to know about RICHARD OSAKI's need for immediate medical care and treatment, yet they failed to take

1    reasonable action to summon such care and treatment. This conduct of the defendants

2    is in violation of California Government Code § 845.6.

3        109.    In fact, it was more than evident on April 10, 2023, that RICHARD

4    OSAKI's medical situation was dire and he needed immediate medical care due to his

5    obvious symptoms of not being able to breathe, choking on his vomit, and gasping for

6    air and he lost consciousness and fell to the floor.

7        110.    Defendants COUNTY and SBSD are vicariously liable for the violations

8    of state law and conduct of their officers, deputies, employees, and agents, including

9    individual named defendants, under California Government Code § 815.2.

10       111.    As a direct and proximate result of the aforementioned acts of these

11   Defendants, decedent RICHARD OSAKI was injured as set forth above, and their

12   losses entitle Plaintiff to all damages allowable under California law. Plaintiff sustained

13   serious and permanent injuries and is entitled to damages, penalties, costs, and attorney

14   fees under California law, including punitive damages against these individual

15   Defendants.

16                        **NINTH CLAIM FOR RELIEF**

17              **Violation of California Civil Code §52.1**

18                        **(Tom Bane Act)**

19   **By Plaintiff ESTATE OF RICHARD OSAKI As Against All Defendants**

20       112.    Plaintiffs reallege and incorporate herein by reference each of the

21   preceding paragraphs of this complaint, and any subsequent paragraphs.

22       113.    The present claim for relief is brought pursuant to Civil Code § 52.1, Cal.

23   Gov. Code §§ 815.2 and 820. Under Section 820 of the Government Code, as public

24   employees, Defendants DOES 1-10, inclusive, are liable for injuries caused by their

25   acts or omissions to the same extent as private persons. Under Section 815.2 of the

26   Government Code, as public entities, Defendants COUNTY and SBSD are liable for

27   injuries caused by the acts or omissions of their employees committed within the course

28   and scope of their employment. This cause of action is not alleging direct liability

against Defendants COUNTY and SBSD, only vicarious liability. *See* Gov. Code, § 815.2, subds. (a), (b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

114. Plaintiffs bring the claims in this claim for relief as a survival claim permissible under California law, including Cal. Code of Civ. Proc. § 377.20 *et. seq.*

115. By their acts, omissions, customs, and policies, Defendants, each acting in concert/conspiracy, as described above, while decedent RICHARD OSAKI was in custody, and by threat, intimidation, and/or coercion, interfered with, attempted to interfere with, and violated RICHARD OSAKI's rights under California Civil Code § 52.1 and under the United States Constitution and California Constitution as follows:

    a. The right to be free from objectively unreasonable treatment and deliberate indifference to Decedent's serious medical needs while in custody as a pretrial detainee as secured by the Fourth and/or Fourteenth Amendments to the United States Constitution and by California Constitution, Article 1, §§ 7 and 13;

    b. The right for the familial association to be free from government interference as secured by the Fourteenth Amendments to the United States Constitution;

    c. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, § 1; and

    d. The right to emergency medical and mental health care as required by California Government Code §845.6.

116. Defendants' violations of decedent RICHARD OSAKI's due process rights with deliberate indifference, in and of themselves constitute violations of the Bane Act. Alternatively, separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of RICHARD OSAKI's rights as described above, Defendants violated RICHARD OSAKI's rights by the following conduct constituting threat, intimidation, or coercion:

a. With deliberate indifference to hazards that posed a risk to pretrial detainees, such as Decedent;

b. With deliberate indifference to Decedent's serious medical and mental health needs, suffering, and risk of grave harm including death, depriving Decedent of necessary, life-saving care for her medical needs;

c. Subjecting Decedent to ongoing violations of her rights to prompt care for her serious medical and mental health needs over days, causing immense and needless suffering, intimidation, coercion, and threats to her life and well-being;

d. Deliberately contracting for and causing the provision of inadequate and incompetent medical health care to San Bernardino County jail detainees and inmates, including detainees and inmates housed at WVDC;

e. Requiring medical and mental health staff to work outside their scope of practice, and conduct assessments, triage, and make medical and housing decisions for patients, including Decedent, they are not competent to make; and

f. Instituting and maintaining the unconstitutional customs, policies, and practices described herein, when it was obvious that in doing so, individuals such as Decedent would be subjected to violence, threat, intimidation, coercion, and ongoing violations of rights as Decedent was here.

117.   The threat, intimidation, and coercion described herein were not necessary or inherent to Defendants' violation of decedent RICHARD OSAKI's rights, or to any legitimate and lawful jail or law enforcement activity.

118.   Further, all of Defendants' violations of duties and rights, and coercive conduct, described herein were volitional acts; none was accidental or merely negligent.

///

**COMPLAINT FOR DAMAGES**

119.    Further, each Defendant violated decedent RICHARD OSAKI's rights with reckless disregard and with the specific intent and purpose to deprive her of her enjoyment of those rights and of the interests protected by those rights.

120.    Defendant COUNTY is vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

121.    As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of decedent RICHARD OSAKI's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief, including punitive damages against all individual Defendants, and all damages allowed by California Civil Code §§ 52 and 52.1 and California law, not limited to costs attorneys' fees, and civil penalties.

## **REQUEST FOR RELIEF**

Wherefore, Plaintiffs respectfully requests that the Court enter a judgment as follows:

A.    Wrongful death of RICHARD OSAKI, pursuant to Cal. Code of Civ. Proc. § 377.*60 et. seq*.;

B.    Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support, pursuant to Cal. Code of Civ. Proc. § 377.60 *et. seq*.;

C.    RICHARD OSAKI's coroner's fees, funeral and burial expenses, pursuant to Cal. Code of Civ. Proc. § 377.20 *et. seq*.;

D.    Violation of RICHARD OSAKI's constitutional rights, pursuant to Cal. Code of Civ. Proc. § 377.20 *et. seq*. and federal civil rights law;

E.    RICHARD OSAKI's loss of life, pursuant to federal civil rights law;

F.    RICHARD OSAKI's conscious pain, suffering, and disfigurement, pursuant to federal civil rights law;

///

---

31

G.  General Damages, including wrongful death and survival damages, in excess of the mandatory amount for jurisdiction in the Unlimited Superior Court;

H.  Non-Economic Damages, including wrongful death and survival damages, according to proof plus all further and proper relief;

I.  Punitive damages as to individual peace officer defendants;

J.  Attorney's fees pursuant to State Law (Cal. Code Civ. Proc. § 1021.5 & private attorney general doctrine);

K.  Penalties under the Tom Bane Act;

L.  Interest; and

M.  All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§ 377.20 *et. seq.*, 377.60 *et. seq.*, and 1021.5; California Civil Code §§ 52 *et. seq.*, 52.1; and as otherwise may be allowed by California and/or federal law.

Dated: April 20, 2024          LAW OFFICES OF CHRISTIAN CONTRERAS
                               A PROFESSIONAL LAW CORPORATION

                               By: _____
                               Christian Contreras, Esq.
                               Attorneys for Plaintiffs,
                               ESTATE OF RICHARD OSAKI, et al.

Dated: April 19, 2024          GASTÉLUM LAW, APC

                               By: _____
                               Denisse O. Gastélum, Esq.
                               Attorneys for Plaintiffs,
                               ESTATE OF RICHARD OSAKI, et al.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, ESTATE OF RICHARD OSAKI, E.I.O N.A.O.1., N.A.O.2, and, STANLEY OSAKI, hereby make a demand for a jury trial in this action.

**Dated: April 20, 2024**　　　　**LAW OFFICES OF CHRISTIAN CONTRERAS**
　　　　　　　　　　　　　　　**A PROFESSIONAL LAW CORPORATION**

By: _____
Christian Contreras, Esq.
Attorneys for Plaintiffs,
ESTATE OF RICHARD OSAKI, et al.


**Dated: April 19, 2024**　　　　**GASTÉLUM LAW, APC**

By _____
Denisse O. Gastélum, Esq.
Attorneys for Plaintiffs,
ESTATE OF RICHARD OSAKI, et al.

**COMPLAINT FOR DAMAGES**